UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,      Case No: 15-51419
              Hon. Victoria A. Roberts
v.

ROBERT HANCE,
   Defendant,
AND

BOWLES FLUIDICS CORP. 401K PLAN & TRUST,
FIDELITY INVESTMENTS,

   Garnishees.
_____/

## ORDER DENYING OBJECTIONS TO THE ENTRY OF WRITS OF GARNISHMENT WITHOUT PREJUDICE

Robert Hance ("Hance") objects to the entry of writs of garnishment on two of four accounts. (Dkt. # 16).

After pleading guilty to bank fraud conspiracy, Hance agreed to pay restitution of approximately $6,019,123. According to the Government, Hance has paid $400. To collect the remaining amount due, the Government obtained four writs of garnishment. Hance objects to the garnishment of two of these accounts: (1) Bowles Fluidics Corp. 401K Plan & Trust containing $37,656.96; and (2) Fidelity Investments containing $51,775.

Hance concedes the Government has the ability to garnish retirement accounts, but says that this ability has limits. Hance says the Government may not collect a

1

retirement plan beyond the defendant's interest in that plan. Hance says if the Government withdraws the entire amount, he will be subject to potential penalties including a tax penalty.  Hance says the amount of garnishment should be limited by the penalties and taxes that would be assessed by Hance if he were to withdraw the entire amount.  In support, Hance cites *United States v. Novak*, 476 F.3d 1041, 1063 (9th Cir. 2007).

The Government says Hance asserts only a vague objection without facts.  The Court agrees.

The party seeking to quash the writ of garnishment bears the burden to prove its invalidity.  28 U.S.C. §3205(c)(5).  Hance fails to support his argument that the government is limited by penalties and taxes.  As the Government points out, Hance has not provided documentation showing liquidation of the accounts would result in a tax penalty.  Additionally, the Government references several statutes indicating that certain tax penalties do not apply. *See*, 26 U.S.C. §72(t)(2)(A)(vii); 26 C.F.R. §1.401(a)-13(d); 18 U.S.C. 3613(c).

Since Hance has not sufficiently supported his objection to the writs of garnishment, his request to have an unidentified amount of money retained is **DENIED WITHOUT PREJUDICE**.  Hance can refile this objection with documents outlining taxes and penalties he would be responsible to pay, and outlining any spousal interest that may pertain.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: January 5, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 5, 2016.

s/Linda Vertriest
Deputy Clerk

---